38,681-02

Feb. 28, 2015

Dear Abel Acosta, Clerk

Please find inclosed a supplement to the Writ of Mandamus presently before this Court.
Please file this with the Mandamus so as to be included therein.

Thank You

Jeffrey L. Ward.

By the way, I've not recieved anything from Cherokee Co. in reference to any answer to the Writ of Mandamus. Can you let me know if they have supplied the "Transcript" to the evidentiary hearing of July 8, 1993 and if so, how many pages it is?

Thanks Again!

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 04 2015

Abel Acosta, Clerk

## CAUSE NO. 11965(C)

In Re JEFFREY L. WARD )
    Relator )

          )

2nd JUDICIAL DISTRICT )
COURT OF CHEROKEE COUNTY )
    Respondant )

In The Court

OF

CRIMINAL APPEALS

---

## SUPPLEMENT TO INITIAL WRIT OF MANDAMUS AT CONCLUSION AND PRAYER

Relator would add one last supplement to the Writ of Mandamus in Cause No. 11965(C), or Writ No. WR-38,681.01. Presently before the Honorable Court, and must add to his conclusion and Prayer, the following.

Since relator has claimed of the evidentuary hearing Transcript as being suppressed. Kept from relator, Kept from this Honorable Court. Relator has requested this Court to See: Giglio V. U.S., 92 S.Ct. 763 (1972). "Where suppression of material evidence justifies a new trial irrespective of the good faith of the prosecutor" when the reliability of a given witness (The AFFIDAVIT) may well be determinative of guilt or innocence. Nondisclosure of evidence affecting credibility (Transcript) falls into this General Rule.

And or, the elements of a Brady Prosecutorial Misconduct Claim are; (1) evidence at issue must be favorable to accused, either because it is exculpatory or because it is impeaching; (2) evidence must of been suppressed by state either willfully or inadvertently; and (3) Prejudice must have insued. See: Banks V. Dretke, 124 S.Ct. at 1257., Brady V. Maryland, 83 S.Ct. 1194 (1963).

Relator claims that No. 1. the recantation as favorable. No. 2. The evidence was suppressed, and No. 3 that remaining incarcerated is Prejudice, while suffering from the Unfairness of the suppression.

Relator understands that this Brady claim, derived from a Pre-conviction trial situation. However, the same Prosecutorial misconduct can and did come at Post-trial in this situation, during the process of presenting evidence of a wrongful conviction and the record thereof, and even though the Brady violation states it must be favorable evidence to accused. The same should apply for one convicted with evidence indicitive of innocence at Post-Trial.

Relator will show this Honorable Court that the Transcript for the evidentuary hearing complained of through out this Writ, is not the only suppression. The hearing itself, when the Honorable Judge Bascom Bentley III haulted the hearing, with other crucial witnesses yet to be heard, but never allowed to be heard, was suppression of there testimonies. See Giglio V. U.S, 92 S.Ct. 763 (1972), Banks V. Dretke, 124 S.Ct. at 1257, and Brady V. Maryland, 83 S.Ct. 1194 (1963).

Therefore, relator prays that this Honorable Court would compell via this Writ of Mandamus the 2nd Judicial District Court to Re-Try this Cause No. 11965, or in the alternative, give a new evidentuary hearing in WR-38661-01. However, due to the unfairness or bias, relator feels has been shown tword him at the 2nd Judicial District Court, will cause relator to pray this Honorable Court grant a change of venue in this cause. To prevent any further Persecution of relator, if this Honorable Court make's there decision to grant a hearing or a re-trial.

Relator Prays for legal assistance of a lawyer who has Knowledge of this type of legal action, for either a future hearing or future Re-Trial, this Honorable Court may designate.

Relator Prays that the State bear the burden of locating and presenting witnesses vital for a hearing or Re-Trial in this Cause and prays this Honorable Court will grant the prayers of this relator.

Respectfully Submitted

Jeffrey L Ward

Jeffrey L Ward #647619
Relator Pro-Se

Pg. 3